BEFORE THE SECOND DIVISION, SEPTEMBER 24, 1942

**No. 47590.**—Protests 57823–K, etc., of N. Y. Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of *New York Merchandise Co.* v. *United States* (8 Cust. Ct. 209, C. D. 607) the brass base shells in question were held to be parts of articles having as an essential feature an electrical element or device, such as signs. The protests were sustained as to some of them at 35 percent under paragraph 353, and others which were withdrawn from warehouse subsequent to January 1, 1939 were held dutiable at 25 percent under the same paragraph as modified by the United Kingdom Trade Agreement (T. D. 49753).

**No. 47591.**—Protests 6920–K, etc., of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel that the merchandise consists of brass base shells similar to those involved in *New York Merchandise Co.* v. *United States* (8 Cust. Ct. 209, C. D. 607) they were held dutiable as parts of articles having as an essential feature an electrical element·or device, such as signs, at 35 percent under paragraph 353 as claimed.

**No. 47592.**—Protests 19632–K, etc., of New York Merchandise Co. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of *New York Merchandise Co.* v. *United States* (8 Cust. Ct. 209, C. D. 607) brass base shells were held dutiable as parts of articles having as an essential feature an electrical element or device, such as signs, at 25 percent under paragraph 353 and T. D. 49753, as claimed.

**No. 47593.**—Protests 937113–G, etc., of New York Merchandise Co. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of *New York Merchandise Co.* v. *United States* (8 Cust. Ct. 209, C. D. 607) the brass base shells in question were held dutiable as parts of articles having as an essential feature an electrical element or device, such as signs, at 35 percent under paragraph 353 as claimed. It was also stipulated that the metal banks in question are not plated and that they are similar in all material respects to those the subject of Abstract 42749. In accordance therewith they were held dutiable as hollow ware at 40 percent under paragraph 339 as claimed.